10209-U0814
JLB/kmp

E-FILED
Wednesday, 06 August, 2014  11:14:57 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY NOEL EPPERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Law No.: 4:14 CV 04015 |
| ) | |
| DR. ADEYEMI FATOKI, NURSE CARRIE ) | Judge Sara Darrow |
| LALVIN, JAIL ADMINISTRATOR JOE OLSON; ) | Magistrate Judge Jonathan E. Hawley |
| ) | |
| Defendants. ) | |

## DECLARATION OF ADEYEMI FATOKI, M.D.

State of Illinois      )
                       )
County of  Cook        )

I, ADEYEMI FATOKI, M.D., declare under penalty of perjury that the following is true and correct and would testify to the same if called to upon to do so:

1. I am a physician licensed to practice medicine in the State of Illinois and have been so licensed at all times pertinent to the above-captioned matter.

2. At all times pertinent to the above-captioned matter, Correctional Healthcare Companies, Inc., ("CHC") was a private correctional healthcare company that was under contract to provide medical care at certain jails, including the Mercer County Jail, which housed inmates awaiting trial on federal criminal charges, such as Plaintiff, pursuant to an agreement that the jail had with the federal government.

EXHIBIT A

10209-U0814
JLB/kmp

3.      Plaintiff Jeremy Epperson was incarcerated at the Mercer County Jail during the time period at issue awaiting trial of the federal conspiracy to manufacture methamphetamine charge asserted against him in Case No. 13-CR-10024, filed in the United States District Court for the Central District of Illinois.

4.      During the time period in question, Co-Defendant Carrie Melvin, L.P.N., and I were employed by CHC to provide care to Mercer County Jail inmates. Neither Nurse Melvin nor I was employed by Mercer County, the Mercer County Jail or any other government or municipal entity.

5.      The CHC-Jail contract provided that CHC was to provide dental screenings but not dental care. In the event dental care was medically necessary, the inmate was to be referred out to an external provider. As a matter of custom and practice, if inmates at the jail complained of dental issues, they would be evaluated, given Orajel and/or Tylenol and/or Ibuprofen for pain (controlled substances are not administered at the jail as a general rule, particularly to inmates such as Plaintiff who have extensive histories of substance/methamphetamine abuse) and antibiotics if there is an infection. If antibiotics are ineffective in resolving an infection, I refer the inmate out to a dentist and/or oral surgeon.

6.      During the course of my treatment of Plaintiff, and/or in preparing this Declaration, I have reviewed Plaintiff's medical, dental and correctional records from the Mercer County Jail and River Valley Oral and Maxillofacial Surgery, Ltd. ("River Valley"), including the records which are attached hereto as Exhibits 1 and 2.

7.      The records included within Exhibits 1 and 2 are records kept in the ordinary course of my medical practice and in the ordinary course of Mercer County Jail and River Valley's operations, and are true and correct copies thereof. The records are of the type reasonably relied upon by physicians in formulating opinions such as the ones expressed herein.

8.      When Plaintiff was taken into custody at the Mercer County Jail, his teeth were permanently destroyed by his use of methamphetamines. An oral screening performed on 3/19/13

10209-U0814
JLB/kmp

by Carrie Melvin, LPN, revealed "bad (top) several missing rotten" but "no acute abnormalities noted." "Acute," when used by the medical staff at the jail, means infection as a general rule. I approved this assessment on 3/25/13.

9. A progress note dated 4/5/13 by Nurse Melvin and signed by me states that Plaintiff reported tooth pain and swelling, for which he was given three Ibuprofen tabs and two Tylenol tabs and antibiotics for seven days per my order.

10. Nurse Melvin and I saw Plaintiff on 4/8/13. The swelling and pain improved since he started on antibiotics and pain medication. On exam, I found a decayed tooth and many missing teeth. Because Plaintiff's symptoms were improving with the antibiotic and pain medication, I ordered that Plaintiff complete the course of antibiotics before determining whether a referral to an external provider was warranted.

11. Nurse Melvin and I next saw Plaintiff on 5/20/13 for a rash on his feet. He did not complain about his dental condition.

12. Nurse Melvin prepared a progress note dated 6/3/13, which I signed. Plaintiff complained of issues with the teeth on the left side of his mouth with swelling and pain. Plaintiff was instructed to brush his remaining teeth, keep his mouth rinsed and take antibiotics for 10 days and Ibuprofen twice a day to see if such resolved his symptoms.

13. I saw Plaintiff on 7/1/13. I did not refer Plaintiff out to a dentist because there was no evidence of acute infection or inflammation.

14. Nurse Melvin saw Plaintiff on 8/16/13 for complaints of swelling and left ear pain. Wax build up in the ears was noted. Plaintiff's ears were dewaxed. Plaintiff was given Ibuprofen and a warm, moist cloth to apply to his left side. Plaintiff was scheduled to see me on 8/19/13.

15. I saw Plaintiff on 8/19/13 at which time Plaintiff complained of swelling and pain. My assessment was tooth decay and an apparent tooth infection. Consequently, I referred Plaintiff to River Valley and prescribed antibiotics and Ibuprofen.

10209-U0814
JLB/kmp

16. Plaintiff was seen by C.J. Thatcher, DDS, of River Valley on 8/29/13 for an extraction of the upper left second molar performed under local anesthesia. The diagnosis was dental caries and chronic periodontitis.

17. Plaintiff was seen by Nurse Melvin on 10/4/13 for tooth pain and sinus swelling. On exam, Plaintiff did not have a fever. Plaintiff was given pain medication. He was to return to the clinic if his condition worsened and keep his mouth rinsed.

18. Plaintiff refused to be seen by medical staff on 10/14/13.

19. Plaintiff was seen by Nurse Melvin on 10/22/13 for pain and swelling on the right upper side of his mouth. Plaintiff was given Ibuprofen and Tylenol, and Orabase was applied to the area.

20. I saw Plaintiff on 10/28/13 for his dental complaints. There was no evidence of acute inflammation or infection. The plan was to continue Ibuprofen and dental antibiotics; there was no indication for extraction at that time.

21. Plaintiff was seen by Nurse Melvin on 12/30/14 for a tooth abscess on the right side with swelling. He was given antibiotics for seven days and was instructed to keep his mouth clean and rinsed.

22. Plaintiff's dental condition persisted despite the antibiotics so Dr. Fatoki referred him back to River Valley.

23. Plaintiff was seen at River Valley on 2/6/14 by B.J. Lutchka, D.M.D., M.D., for the removal of the upper right lateral and cuspid under local anesthesia. The diagnosis was dental caries. Plaintiff was noted to have received his last dose of antibiotics that day.

24. The medical staff at Mercer County Jail has no control over when an inmate is seen by the outside dentist or oral security inasmuch as arrangements must be made for security and must coincide with River Valley's schedule.

10209-U0814
JLB/kmp

25. Nurse Melvin submitted on Plaintiff's behalf an "Urgent" Prisoner Medical Requests to the US Marshalls Service for the Central District of Illinois on 8/20/13, 1/13/14 and 1/21/14 for the above-referenced dental treatment at River Valley. Her requests were approved by the USMS District Office on 8/24/13 and 1/24/14.

26. I am not aware of any complaints made by Plaintiff concerning his dental condition since he was treated on 2/6/14.

27. It is my opinion, based upon my review of Plaintiff's records and my medical education, training and experience, to a reasonable degree of medical certainty, that:

(a) Plaintiff was timely provided with any and all medically necessary treatment.

(b) Plaintiff's teeth were permanently destroyed by his use of methamphetamines upon intake at the jail. There is no objective evidence of any permanent damage or substantial harm as a result of the alleged misconduct attributable to me in this case.

(c) While Plaintiff was under my care, he was administered ample and appropriate medication and treatment for any complaints of pain, swelling and otherwise, he might have had. Controlled substances were and are contraindicated for Plaintiff, particularly in light of his history of severe abuse of methamphetamines.

(d) At no time did Nurse Melvin or I refuse Plaintiff any medically necessary care or treatment; to the contrary, Nurse Melvin and I met the applicable standard of care regarding our treatment of Plaintiff, as outlined above.

(e) At no time was I aware that a substantial risk of serious harm existed with respect to Plaintiff's condition, nor do I believe he was at such a risk.

28. I declare under penalty of perjury that the foregoing is true and correct.

ADEYEMI FATOKI, M.D.

SUBSCRIBED and SWORN to before me this 28th day of July, 2014.

Notary Public

"OFFICIAL SEAL"
AMANDA C. RAMSEY
Notary Public, State of Illinois
My Commission Expires July 30, 2015